**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2564
_____

DWAYNE L. RIECO,
                                        Appellant
                              v.

BRIAN COLEMAN; DOCTOR  SAVAADRE;
DOCTOR  GALLUCCI; COUNSELOR BUZAS;
RONDA HOUSE, Grievance Coordinator;
DORINA VARNER, Secretary of Inmate Grievances and Appeals;
ROBIN LEWIS, Chief Hearing Examiner; SGT. LARRY LEWIS;
RICHARD MACKEY, Hearing Examiner; KERI CROSS, Hearing  Examiner
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-14-cv-00351)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6.
November 19, 2015
Before:  AMBRO, SHWARTZ and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 27, 2015)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Dwayne Rieco appeals from the District Court's order granting summary judgment to Appellees for failure to exhaust his administrative remedies prior to bringing suit. Because this appeal presents no substantial question, we will summarily affirm.

Rieco, a Pennsylvania state prisoner, filed a complaint under 42 U.S.C. § 1983 against various staff at SCI-Fayette and Appellee Dr. Saavedra for, inter alia, placing him in the Secure Special Needs Unit ("SSNU") at SCI-Fayette to undergo a mental health program that he avers was neither part of his sentence nor ordered by a court.

Appellees moved to dismiss on the basis that Rieco failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"). After considering Appellees' motion to dismiss, the Magistrate Judge recommended converting it to a motion for summary judgment and granting summary judgment to Appellees. The District Court adopted the recommendation over Rieco's objection and entered judgment in Appellees' favor. This appeal followed.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. Because Rieco has been granted in forma pauperis status, we review this appeal for possible dismissal under 28 U.S.C. § 1915(e)(2)(B). Our review of an order granting summary judgment plenary. See McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005). We may summarily affirm the District Court's order where there is no substantial question presented by the appeal. Third Circuit LAR 27.4 and I.O.P. 10.6.

2

The District Court correctly concluded that Rieco failed to exhaust his administrative remedies. The PLRA prohibits a prisoner from bringing an action objecting to his conditions of confinement under § 1983 or under any other federal law until that prisoner has exhausted available administrative remedies. 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 83 (2006). The prisoner must complete the administrative review process in accordance with the procedural rules of the grievance or appeal system at his facility. Jones v. Bock, 549 U.S. 199, 218 ("it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.") The failure to exhaust these remedies precludes action in federal court. Small v. Camden Cnty., 728 F.3d 265, 273 (3d Cir. 2013).

In this action, Rieco challenges his placement in the SSNU. According to DC-ADM 802, Section 2(D)(6), when an inmate is recommended for placement in the SSNU, the Program Review Committee ("PRC") must review that recommendation with him and inform him of the reasons for the recommendation. The inmate is then given an opportunity to respond to the recommendation, and may object to the placement in the SSNU. The inmate may appeal the recommendation to the Facility Manager and then to the Office of the Chief Hearing Examiner.

Rieco never appealed his SSNU placement recommendation to the Chief Hearing Examiner's Office. D.C. dkt. 60. Instead, he filed a grievance pursuant to DC-ADM 804, the process through which inmates may make complaints regarding their conditions

3

of confinement, not objections to their placement in administrative custody.[1] See D.C. dkt 40-4.

The District Court correctly concluded that the undisputed summary judgment record reflects that Rieco was informed of his opportunity to appeal his SSNU placement and did not take that opportunity. D.C. dkt 40-4. Not only is the procedure for appealing a recommendation for placement in the SSNU contained in the inmate handbook, Deputy Armel orally informed Rieco of the appeals process. D.C. dkt 42, 40-4. Rieco's argument, that exhaustion should be excused because he was not informed of the proper review process, is belied by the record.

Even if we were to consider Rieco's attempts to use DC-ADM 804 as the proper method to challenge his placement at the SSNU, Rieco also failed to exhaust under this procedure, because his grievance was dismissed as untimely. D.C. dkt 42-1.

As this appeal presents no substantial question, we will summarily affirm.

---

[1] The DC-ADM 804, Inmate Grievance System Procedures Manual, states: "A grievance directly related to . . . the reasons for placement in administrative custody will not be addressed through the Inmate Grievance System and must be addressed through . . . DC-ADM 802, "Administrative Custody Procedures." See D.C. dkt. 40-1, at 7.